# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**KINGSTON MINING, INC.,**
**Employer Below, Petitioner**

**vs.)    No.** 18-0788 (BOR Appeal No. 2052865)
                    (Claim No. 2018010643)

**JOHNNY MCKINNEY,**
**Claimant Below, Respondent**

**FILED**

February 13, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Kingston Mining, Inc., by Counsel Sean Harter, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Johnny McKinney, by Counsel Reginald Henry, filed a timely response.

The issue on appeal is the compensability of Mr. McKinney's injury. The claims administrator rejected the claim on November 21, 2017. In an Order dated April 5, 2018, the Workers' Compensation Office of Judges ("Office of Judges") reversed the claims administrator's decision and held the claim compensable for right knee sprain. This appeal arises from a Board of Review Order dated August 17, 2018, in which the Board of Review affirmed the Office of Judges' Order.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. McKinney, a mine foreman, sustained an injury to his right knee on November 1, 2017, as he was walking across a railway to go underground in a mantrip with the rest of his crew. Mr. McKinney testified that as he was walking to the mantrip, he noticed that the curtain that they needed for the job was on the ground. He placed the approximately thirty to fifty pound rubber curtain on his shoulder and was stepping across the track when his right knee buckled and became dislocated. Mr. McKinney stated that his foot slipped on uneven ground. He was transported by Jan Care Dispatch from his worksite to Raleigh General Hospital. X-rays taken of his right knee

1

revealed loss of joint space in the medial compartment, ossified posterior patella, and enthesophyte superior patella, but no joint effusion or fracture was found. Hospital personnel diagnosed knee sprain and completed the Employees' and Physicians' Report of Occupational Injury Form.

Paul M. Oar, M.D., Mr. McKinney's primary care physician, examined him on November 2, 2017, and noted that he was suffering from right-knee pain. Dr. Oar's examination revealed some global swelling of the right knee and tenderness along the medial and lateral joint lines. Dr. Oar referred Mr. McKinney to S. Brett Whitfield, M.D., an orthopedic surgeon. During his visit to Dr. Whitfield on November 9, 2017, the examination revealed mild effusion, full extension to 120 degrees of flexion, and medial and lateral joint tenderness. Regarding the X-rays taken on November 1, 2017, Dr. Whitfield noted the following abnormalities: arthritic changes of the patellofemoral joint with osteophytes about the superior and inferior pole of the patella; enthesophyte about the dorsal surface superiorly at the patella; and degenerative changes of the lateral and medial compartment with small osteophytes. Dr. Whitfield diagnosed internal derangement of the right knee with suspected medial and lateral meniscal tears and preexisting arthritic changes of the right knee, with exacerbation. Dr. Whitfield recommended an MRI to determine whether Mr. McKinney had sustained a torn meniscus.

By Order dated November 21, 2017, HealthSmart Casualty Claims Solutions ("the claims administrator") rejected Mr. McKinney's application for workers' compensation benefits. The claims administrator stated that the injury occurred at work, but there was no medical evidence to support that the injury was a result of his work. Mr. McKinney protested the claims administrator's decision and elected the expedited adjudication process.

An MRI of the right knee was performed on December 5, 2017, which revealed complete posterior root tear of the medial meniscus and body segments of the medial meniscus with mild patellar tendinosis and moderate cartilage abnormalities. On December 21, 2017, Dr. Whitfield reexamined Mr. McKinney and discussed the MRI study. Dr. Whitfield stated, "MRI demonstrates a complex tear of the posterior horn of the medial meniscus extending into the body." Surgery was recommended. On January 10, 2018, Dr. Whitfield performed surgical arthroscopy of the right knee with debridement and removal of intra-articular loose bodies. Because the claim was rejected by the claims administrator, the surgical procedure was performed under Mr. McKinney's private health insurance. Mr. McKinney returned to Dr. Whitfield on January 25, 2018. In his medical records, Dr. Whitfield noted that Mr. McKinney did have a tear of the medial meniscus.

The claims administrator referred Mr. McKinney to Prasadarao Mukkamala, M.D., who prepared a report on February 1, 2018, wherein he opined that Mr. McKinney's right-knee impairment was not related to the work incident of November 1, 2017. Dr. Mukkamala diagnosed him with internal derangement of the right knee, status post arthroscopic surgery, and osteoarthritis. Dr. Mukkamala stated that the conditions that he diagnosed for the right-knee are not causally related to Mr. McKinney's employment. Dr. Mukkamala considered Mr. McKinney to be morbidly obese and attributed his right-knee condition, including internal derangement and osteoarthritis, to his age and excessive weight. Dr. Mukkamala indicated that because he was simply walking when his knee gave out, there was no isolated fortuitous event that could be

construed as an injury. It was Dr. Mukkamala's professional opinion that the internal derangement was naturally occurring.

On April 5, 2018, the Office of Judges reversed the claims administrator's Order of November 21, 2017, and ruled the claim compensable for right-knee sprain. The Office of Judges indicated that this was a close case. Although Mr. McKinney was found to have significant preexisting degenerative changes in his right knee prior to the injury, the Office of Judges found that he established that it was more likely than not that he sustained a compensable injury while working on November 1, 2017. The Office of Judges found that Mr. McKinney and Kingston Mining offered equally weighted arguments. However, the Office of Judges noted that the fact that Mr. McKinney was walking on uneven ground (over railroad tracks) while carrying a heavy tarp when his knee gave out, tips the scales in his favor. By Order dated August 17, 2018, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the April 5, 2018, decision.

After review, we find that the Board of Review's Order should be affirmed. Although the evidence of record indicates that Mr. McKinney suffers from preexisting degenerative disease in his right knee, there is also evidence that he suffered an injury in the course of and as a result of his employment on November 1, 2017. The Office of Judges correctly concluded that it is more likely than not that Mr. McKinney sustained a compensable injury to his right knee. The Board of Review did not err in affirming the April 5, 2018, decision of the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 13, 2020**

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison